IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEITH EUGENE CAMPBELL             :
Reg. No. 39168-037                :

    v.                            :  Civil Action No. DKC 11-0313
                                     Criminal No. DKC 06-0028
                                  :
UNITED STATES OF AMERICA
                                  :

**MEMORANDUM OPINION**

Presently pending and ready for review is a motion filed by Petitioner Keith Eugene Campbell to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. (ECF No. 386). Respondent United States of America has filed an unopposed motion to seal. (ECF No. 398). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Petitioner's motion will be denied and Respondent's motion will be granted.

**I. Background**

On January 23, 2006, Petitioner was charged by a one-count indictment with conspiracy to distribute cocaine and cocaine base. Petitioner entered into an agreement with the government to plead guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846. The plea agreement stipulated to a 2 level

upward adjustment pursuant to U.S.S.G. § 2D1.1(b)(1) because Petitioner possessed a firearm. A presentence report prepared in 2006 also applied this 2 level upward adjustment. The presentence report was revised on November 5, 2009. The base offense level was reduced to reflect the application of U.S.S.G. § 2D1.1, cmt. N.10(d), which provides that when an offense involves cocaine base and other controlled substances the combined offense level should be reduced by 2. All other calculations remained the same, including the 2 level upward adjustment for firearm possession. Petitioner's sentencing hearing occurred on December 7, 2009. Petitioner's counsel told the court that "we reviewed the revised Presentence Report, and we agree with the calculations of the revised Presentence Report, to a certain extent." Counsel's only objection to the calculations was the finding that Petitioner was a career offender; there was no objection to the two level increase for firearm possession, a calculation that counsel specifically acknowledged.

The court sentenced Petitioner to 140 months. The court stated that:

> [y]our guidelines are driven not just by the quantity, but also in this case by the fact that a firearm was involved, was found at the time the search warrant was executed, that added two levels to your guidelines, and I think appropriately.

> So, all in all, what I've decided to do is to impose the 140 months, which is the low end of the guideline range. The mandatory minimum is the 120, and I think the additional 20 months because of the gun actually makes sense.

On February 4, 2011, Petitioner filed a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. The government was directed to respond to the motion and did so on July 14, 2011 along with filing a motion to seal. (ECF Nos. 398 and 399).[1]

II. **Standard of Review**

To be eligible for relief under 28 U.S.C. § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). A *pro se* movant, such as Petitioner, is entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke,* 574 F.2d 1147, 1151–53 (4th Cir. 1978). But if the Section 2255 motion, along with the files and records of the case, "conclusively show[s] that the prisoner is entitled to no

---

[1] The government requests that its response to Petitioner's motion be sealed along with the unredacted sentencing transcript submitted in support of its motion. This motion will be granted.

relief," the claims raised in the motion may be summarily denied. *See* 28 U.S.C. § 2255(b).

**III. Analysis**

Petitioner raises one ground in his Section 2255 motion: improper "double counting." Petitioner contends that the 2 level enhancement for firearm possession was factored in twice in arriving at his sentence: first, in calculating the appropriate guidelines range, and second, in departing upward from that range.

Petitioner's argument will be rejected. As an initial matter, "barring extraordinary circumstances, . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999). Section 2255 provides relief for cases in which "the sentence was in excess of the maximum authorized by law." Merely alleging a miscalculation of the guidelines does not give rise to a constitutional issue and therefore is not cognizable in the context of a Section 2255 motion. *See id.; United States v. Brice*, 20 F.App'x 155, 155-56 (petitioner's assertion of impermissible double counting in calculation of sentence is a "non-constitutional error which may not now be asserted on collateral review."). Petitioner's sentence of 140 months was within the range of permissible sentences for his conviction. Consequently, any alleged error

in calculating his sentence is not cognizable under Section 2255.

Even if Petitioner's claim was cognizable under Section 2255, no double counting error was committed. "Double counting occurs when a provision of the Guidelines is applied to increase punishment on the basis of a consideration that has been accounted for by application of another Guideline provision or by application of a statute." *United States v. Reevey*, 364 F.3d 151, 158 (4th Cir. 2004). "[T]here is a presumption that double counting is proper where not expressly prohibited by the guidelines." *United States v. Hampton*, 628 F.3d 654, 664 (4th Cir. 2010) (*citing United States v. Schaal*, 340 F.3d 196, 198 (4th Cir. 2003)).

No double counting occurred here. Petitioner's offense level was increased two levels due to his firearm possession and he was sentenced at the bottom of the range found to be applicable.[2] Possession of a firearm was not already part of his conviction of conspiracy to distribute cocaine and cocaine base. There is no express prohibition in the Guidelines from enhancing a sentence based on firearm possession in connection with a drug conspiracy. Consequently, Petitioner's sentence was permissibly

---

[2] While counsel argued for a range of 130 to 162 months, the court found the range of 140 to 175 to be applicable.

5

enhanced and he was given a sentence within the guidelines range.[3]

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review of the record, the court finds that Petitioner does not satisfy the above standard. Accordingly, it will decline to issue a certificate of appealability on the issues which have been resolved against Petitioner.

---

[3] In the end, these arguments are academic because on December 21, 2012 - after this motion was filed and briefed - Petitioner's sentence was reduced to 120 months due to a retroactive change to the sentences for cocaine base. 120 months is the mandatory minimum sentence for a conviction of this type. *See* 21 U.S.C. §§ 846 & 841(b)(1)(A).

## IV. Conclusion

For the foregoing reasons, Petitioner's motion will be denied. A separate order will follow.

                                             /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge